# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH


### NO. 2-07-460-CV

LYDIA M. MCLANE                                      APPELLANT

V.

WASHINGTON MUTUAL BANK F/K/A                  APPELLEE
WASHINGTON MUTUAL BANK, FA

------------

## FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

On November 27, 2007, the trial court signed an order granting the home equity foreclosure application filed by Appellee Washington Mutual Bank f/k/a Washington Mutual Bank, FA, which sought pursuant to Texas Rule of Civil Procedure 736 an order allowing the in rem foreclosure sale of Appellant Lydia M. McLane's property. McLane filed a motion for new trial on November 30, 2007, and an amended motion for new trial on December 3, 2007. On December 20, 2007, the

---

[1]See TEX. R. APP. P. 47.4.

trial court denied McLane's motion for new trial. On December 28, 2007, McLane filed a notice of appeal challenging the trial court's order denying her motion for new trial, not the trial court's order granting Washington Mutual's home equity foreclosure application.[2] Washington Mutual subsequently filed a motion to dismiss McLane's appeal for lack of jurisdiction and a motion to extend the deadline to file its brief, arguing that we should either dismiss McLane's appeal because the granting or denial of an application under rule 736 is not an appealable order or, alternatively, enter an order extending the deadline to file its brief if we determine that we have jurisdiction over the appeal.

Rule 736(8)(A) provides that the granting or denial of an application under rule 736 "is not an appealable order." TEX. R. CIV. P. 736(8)(A). The order granting Washington Mutual's foreclosure application also states that it "is not appealable." Although the order that McLane specifically challenges on appeal is the trial court's order denying her motion for new trial, it is the trial court's order granting Washington Mutual's foreclosure application that McLane challenged in her motion for new trial. McLane may not circumvent the rule prohibiting an appeal of this matter by challenging the denial of her motion for new trial instead of the order granting

---

[2]McLane's notice of appeal states that she appeals the trial court's "ORDER DENYING RESPONDENT'S MOTION FOR NEW TRIAL in cause no. 2006-20335-158 In re: Order for Foreclosure Concerning Fred L. Mclane and Lydia M. Mclane ("Respondents") and 3814 Cortadera, Flower Mound, Texas 75028 ("property mailing address") and Washington Mutual Bank FKA Washington Mutual Bank, FA ("Applicant") by the trial judge . . . on December 20, 2007."

Washington Mutual's foreclosure application because the order that McLane ultimately complains of is not appealable. Consequently, we lack jurisdiction over this appeal. *See Grant-Brooks v. FV-1, Inc.*, 176 S.W.3d 933, 933 (Tex. App.—Dallas 2005, pet. denied) (granting appellee's motion to dismiss for want of jurisdiction appeal challenging trial court's granting of appellee's home equity foreclosure application). We grant Washington Mutual's motion to dismiss and dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f). Having dismissed this appeal for want of jurisdiction, Washington Mutual's motion to extend the deadline to file its brief is moot.

PER CURIAM

PANEL D:  HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED:  July 17, 2008

3